Gould, J.
The plaintiff’s point, that the answer says the draft was drawn “for the joint benefit” of Lowber and Still-man & Co., and so was not an accommodation draft, and, therefore, could be sold at any rate of discount, has no force; since it is entirely plain, from the whole proof, that the note was, as between Lowber and Stillman & Go., entirely without consideration—mere paper, made to raise money upon: and that it had no inception until the money was advanced upon it. This proof was put in without objection; and, had it been objected to, the answer could, and should, have been so amended, on the spot, as to meet the proof. Under these circumstances, this court will not regard the variance, but will proceed upon the case as proved.
We are, then, to proceed upon the ground that, if the transaction with Hotchkiss was such a disposition of the paper as' to give it an inception, that inception was clearly usurious, and *543 the note is void. And the only point upon which we are to pass, is the soundness or unsoundness of the exception to the judge’s leaving to the jury (by his charge), as a matter of fact, the question whether, in taking the note, Hotchkiss acted as Lowber’s agent to sell the note to some other person, or was himself the taker of the note. The defendants claimed that there was no evidénce to show that Hotchkiss acted as such agent, and that the judge should have so decided, as matter of law. And taking the whole testimony as to Hotchkiss’ course, it would seem that the defendants were right. For, though it is true that Hotchkiss spoke of getting, or raising, the money on such paper, he also spoke of “ finding it difficult to use it, or get it discounted, at the banksand in everything which he said about the rate of discount, he said “ he should have tó charge”—“he should have to deduct” one and a half per cent (a month). He drew his own check, at the time of agreeing to take it, for part of the avails, and subsequently gave his own check for the balance; and in neither case suggested that he was not the purchaser. It will hardly do for courts, in administering the law as it is, to lean so strongly against a defence which the statute makes good as to call this transaction, or allow a jury to call it, one in which there is any evidence that Hotchkiss acted as the agent of anybody; for agency is a fact to be found from evidence, not speculated upon to avoid the effect of what is proved.
The judgment of the Supreme Court should be reversed, and a new trial ordered.
Judgment reversed, and new trial ordered.